**Wilbur Leonel BLANCO–SALVADOR, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General 10th & Pennsylvania Ave. N.W. Washington, D.C., Department of Homeland Security, Respondents.

No. 03–40432–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Anne Pillsbury, Central American Legal Assistance, Brooklyn, NY, for Petitioner.

Charles T. Miller, Acting United States Attorney for the Southern District of West Virginia, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Wilbur Leonel Blanco–Salvador, a native and citizen of El Salvador, seeks review of an August 4, 2003 decision of the BIA reversing the February 8, 2000 decision of immigration judge ("IJ") Gabriel C. Videla granting his application for asylum and withholding of removal. *In re Wilbur Leonel Blanco–Salvador,* No. A75 798 462 (B.I.A. Aug. 4, 2003), *rev'g* A75 798 462 (Immig. Ct. N.Y. City Feb. 8, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see,*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

*e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir. 2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We find that the BIA erred by failing to explain its conclusion that Blanco–Salvador did not establish a nexus between his experiences in El Salvador and one of the enumerated grounds protected by the Act. In its decision, the BIA noted the general rule that "an asylum applicant's fear of harm resulting from general conditions of violence and civil unrest ... does not constitute a 'well-founded fear of persecution.'" Citing *Matter of Sanchez and Escobar,* 19 I. & N. Dec. 276 (BIA 1985), *aff'd, Sanchez–Trujillo v. INS,* 801 F.2d 1571 (9th Cir.1986) (stating that the harm resulting from country-wide civil strife and anarchy is not persecution on account of one of the five enumerated grounds). The BIA went on to state that Blanco–Salvador could not "create an exception to this principal [sic] by indicating that an action was taken by the military because of its belief that a given area was in league with the guerrillas." The basis for this statement eludes us because it appears to ignore imputed political opinion as a protected ground.

We have held that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act." *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). Blanco–Salvador submitted evidence demonstrating that during the civil war in El Salvador, the military made little distinction between those living in areas where guerrillas were active and the guerrillas themselves, seeking to eliminate both. The BIA did not address whether this evidence supported Blanco–Salvador's imputed political opinion claim; indeed, it did not address this evidence at all. Failure to consider the entire record is a "serious legal error" normally requiring vacatur and remand for further consideration by the BIA. *Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 149 (2d Cir.2006) (citing *Cao He Lin,* 428 F.3d at 401); *see also Beskovic v. Gonzales,* 467 F.3d 223 (2d Cir.2006) (finding that the BIA erred where it did not evaluate relevant evidence "with respect to future persecution on the basis of Beskovic's imputed political opinion"). On remand the BIA should address Blanco–Salvador's argument regarding imputed political opinion. *See Gao,* 424 F.3d at 129–30.

It is possible that there may be alternative bases upon which the BIA could properly have denied relief. However, the Court will not "search the record independently for a basis to affirm the BIA." *Zhang v. U.S. Dept. of Justice,* 362 F.3d 155, 159 (2d Cir.2004) (quoting *Secaida–Rosales,* 331 F.3d at 305); *see also Albathani v. INS,* 318 F.3d at 378 (quoting *Federal Power Comm'n v. Texaco, Inc.,* 417 U.S. 380, 397, 94 S.Ct. 2315, 41 L.Ed.2d 141 (1974) ("[A]n agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself.")).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).